Filed 6/12/14  P. v. Moraga CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY V. MORAGA,<br><br>　　　Defendant and Appellant. | A140434<br><br>(Lake County<br>Super. Ct. No. CR929981) |

Defendant Anthony V. Moraga pled guilty to a violation of Health and Safety Code section 11377, subdivision (a), and admitted one prior serious or violent felony. Defendant was placed on Proposition 36 probation for a period of three years subject to various terms and conditions.  The trial court found defendant in violation of probation and sentenced him to the upper term of three years in state prison doubled to six years pursuant to Penal Code section 1170.12, subdivision (c).  Defendant filed a timely notice of appeal, and appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue for appeal and asks this court for an independent review of the record. (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).)  Counsel attests that defendant was advised of his right to file a supplemental brief.  We have received no such brief.

We have examined the entire record in accordance with *Wende*.  We conclude that no arguable issue exists on appeal and affirm.

1

*Procedural and Factual Background*

On July 3, 2012, in the Lake County Superior Court, defendant was charged with the transportation and sale of a controlled substance (methamphetamine) in violation of Health and Safety Code section 11379, subdivision (a) (count 1); possession of a controlled substance (methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a) (count 2); possession of a controlled substance (Hydrocodone (Vicodin)) in violation of Health and Safety Code section 11350, subdivision (a) (count 3); bringing a controlled substance, device, and paraphernalia into county jail in violation of Penal Code section 4573 (count 4); and possession of a device used for smoking a controlled substance, in violation of Health and Safety Code section 11364.1 (count 5). The complaint also alleged one violent or serious felony conviction pursuant to Penal Code sections 667, subdivisions (b)-(i) and 1170.12, subdivisions (a)-(d). At his arraignment on July 10, 2012, defendant pled not guilty to all counts, and denied all special allegations.

On July 30, 2012, pursuant to a plea bargain and negotiated disposition entailing Proposition 36 probation pursuant to Penal Code section 1210 et seq., defendant withdrew his not guilty pleas and pled guilty to count 2 in violation of Health and Safety Code section 11377, subdivision (a). Defendant also admitted one prior serious or violent felony conviction within the meaning of Penal Code sections 667, subdivisions (b)-(i) and 1170.12, subdivisions (a)-(d).

Before pleading guilty, defendant signed a "Proposition 36" felony plea form and waiver of constitutional rights in which he stated that he would plead guilty to count 2 (possession of methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a), and admit one prior serious violent felony conviction in exchange for Proposition 36 probation. Defendant was informed of, and he waived, his rights to a preliminary hearing, to trial by jury, to confront and cross-examine witnesses, to subpoena witnesses for his defense and to testify in his own defense, and his privilege against self-incrimination. Defense counsel joined in the waiver of defendant's rights, concurred in the entry of his plea, and stipulated to a factual basis for the plea. In open

2

court, the prosecutor also stated the factual basis for the entry of defendant's plea. The court informed defendant that if he failed that he would come back for sentencing. The judge said, "And in this particular case, you could be looking at six years. And that would be three years max on the 11377, and then it would be doubled pursuant to the strike that's alleged." The defendant said that he understood.

Finding a factual basis for defendant's pleas, and finding that defendant waived his constitutional rights expressly, knowingly, understandingly, and intelligently, the trial court accepted his plea on count 2, and his admission of a prior strike and found defendant guilty. The court dismissed all other counts and special allegations in the interest of justice pursuant to the negotiated disposition.

The court placed defendant on Proposition 36 probation for a period of three years subject to various terms and conditions. Defendant was ordered to register as a drug offender pursuant to Health and Safety Code section 11590. Defendant was ordered to submit to drug testing and to pay for the cost of such testing, report to the probation officer, and enroll in and successfully complete a drug treatment program.

Defendant's probation was revoked on August 21, 2012 on the ground that he failed to appear within seven days for a court-ordered meeting and interview at the probation department.

Defendant's probation was revoked for the second time on April 24, 2013 on the grounds that he failed to submit monthly report forms for December 2012 and April 2013, failed to successfully complete a mandatory drug treatment program as directed by his probation officer, and failed to perform 80 hours of community services.

On August 19, 2013, defendant moved for reinstatement of probation, or alternatively to strike the prior serious violent felony conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. On September 3, 2013, defendant failed to appear at his probation violation and sentencing hearing. The court revoked bail and issued a bench warrant for his arrest.

On November 4, 2013, the trial court found defendant in violation of probation. The court declined to reinstate probation. Probation was terminated. The court also

denied defendant's *Romero* motion. The court sentenced defendant on count 2 in violation of Health and Safety Code section 11377, subdivision (a) to the upper term of three years in state prison doubled to six years pursuant to Penal Code section 1170.12, subdivision (c). The court found aggravating factors that outweighed mitigating factors.

The court imposed a restitution fine of $200 pursuant to Penal Code section 1202.4, subdivision (b) and imposed a probation revocation fine in an equal amount pursuant to Penal Code section 1202.44. The court also imposed, but stayed, a parole revocation fine in an equal amount pursuant to Penal Code section 1202.45.

The court imposed a $40 court operations assessment pursuant to section 1465.8, subdivision (a)(1); imposed a $30 criminal conviction assessment pursuant to Government Code section 70373; imposed a $50 laboratory analysis fee plus penalty assessments of $150 pursuant to Health and Safety Code section 11372.5; and imposed a $150 drug program fee plus a penalty assessment of $450 pursuant to Health and Safety Code section 11372.7.

The court awarded defendant 86 days of actual credit, and 86 days of local conduct credit, for a total of 172 days of presentence custody credit pursuant to Penal Code sections 2900.5 and 4019.

In response to defendant's request, the trial court ordered the sentencing minutes and abstract of judgment amended to reflect a $50 laboratory fee, plus $150 in penalty assessments pursuant to Health and Safety Code section 11372.5, subdivision (a), and to strike or delete the drug program fee and penalty assessments pursuant to Health and Safety Code section 11372.7, subdivision (a).

### *Disposition and Wende Findings*

Defendant was at all times represented by competent counsel who ably protected his rights and interests. We find no indication in the record counsel provided ineffective assistance. Defendant was apprised of his right to file a supplemental brief and has not done so. Defendant admitted the possession of a controlled narcotic substance allegation, and one prior serious or violent felony conviction. The court advised him of his constitutional rights he would be waiving and the direct consequences of his admissions.

4

Defendant expressly waived his constitutional rights, and knowingly and voluntarily admitted the allegations.  There was no error in the sentencing process or the sentence. The court has reviewed the entire record in accordance with *Wende*, and finds no arguable issues that require further briefing.

Accordingly, the judgment and order appealed from are affirmed.


_____
Becton, J.\*


We concur:


_____
Dondero, Acting P.J.


_____
Banke, J.


\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.